UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Gustavo Estrella,                                       Civil No. 10-4672 (JNE/AJB)

               Petitioner,

v.
                                              **REPORT & RECOMMENDATION**

Scott Peter Fisher, Warden,

               Respondent.

---

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1.] The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(a). Petitioner Gustavo Estrella is a federal prisoner presently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone"). Petitioner is serving an 87-month sentence, with 5 years supervised release pursuant to a conviction on a drug offense in the United States District Court for the District of Oregon.

**Background and Claims**

Petitioner alleges that the Bureau of Prisons ("BOP") has given him an improperly high Security Management Variable ("SMV") as the result of suspicion of his involvement in an escape conspiracy while he was incarcerated in the Jackson County Jail in Medford, Oregon, in December 2008. He alleges that the improper SMV will prevent him from transferring to a minimum security institution and participating in several institution programs and might also affect the length of his confinement. Petitioner was ultimately transferred to FCI Sandstone in

1

July 2009 to commence his federal sentence. Respondent opposes the petition, arguing that this Court does not have subject matter jurisdiction under 28 U.S.C. § 2241 because Petitioner's claim relates to conditions of confinement which do not affect the length of the sentence and, thus, cannot be challenged through a writ of habeas corpus. Petitioner submitted a reply to Respondent's return.

In his pleading, Petitioner contends that on or about December 15, 2008, his cell at the Jackson County Jail was changed and he was subsequently transported to Multhomah County Detention Center. On or about that same day, an incident report was registered at the Jackson County Jail, which stated that Petitioner should be moved to a "hard-cell," but did not specify that Petitioner had been a suspect in a conspiracy to escape custody. Subsequently, in March 2010, Petitioner alleges that he met with the staff at FCI Sandstone regarding his placement in the "Gatepass program," which is a prerequisite to being transferred to a minimum security institution. He was scored as a minimum security inmate and a recommendation was made by the Designation and Sentence Computation Center to decrease his security classification. Later that month, he was placed into the Gatepass program. In April 2010, however, he was given a greater SMV and was removed from the Gatepass program. Between June 2010 and July 2010, Petitioner submitted administrative remedy forms to the FCI Sandstone staff to determine why he was removed from the Gatepass program and given a greater SMV. On June 25, 2010, Petitioner submitted the first administrative remedy request to his counselor, who explained his "involvement in an escape conspiracy" as the reason for his transfer.[1] Petitioner contends that he

---

[1] Petitioner alleges that he completed the next step in the BOP remedy process but the staff refused to provide him with any copy of an answer. He also requested the form for the third step but the staff refused, again, to provide it. Respondent does not seek dismissal on grounds that

2

has never been part of a conspiracy, attempt, or act intended to escape from the Jackson County Jail.

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that his constitutional rights had been violated because the BOP improperly applied the "Greater Security" variable to his security classification. He seeks an order requiring the BOP to modify the conditions of his confinement. He alleges that the heightened SMV will impact his good time credit and the length of his confinement by affecting his eligibility for half way house placement.[2]

Respondent contends that the Court lacks subject matter jurisdiction because a writ of habeas corpus is not the appropriate remedy in this case. Specifically, Respondent argues that a petition for writ of habeas corpus is the appropriate means to challenge the duration of a confinement, while conditions of confinement must be challenged through a complaint under the Civil Rights Act. Here, applying the heightened SMV affects the conditions, but not the length, of Petitioner's confinement by preventing a transfer to a minimum security institution. Respondent further argues that there was no violation of Petitioner's constitutional rights and that his case does not entail any special urgency for which habeas corpus relief is intended.

**Discussion**

Petitioner presents a petition for Writ of Habeas Corpus alleging that his constitutional rights were violated when the BOP decided to apply a SMV that would modify the conditions and the length of his confinement.

---

Petitioner has failed to exhaust administrative remedies. *See* exhibits in the Petition [Docket No.1].
[2]  *See* Pet'r's Reply [Docket No. 7] at 2.

A habeas corpus petition can challenge the length of a prisoner's confinement but not the conditions of confinement. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a complaint under the Civil Rights Act . . . . Claims challenging the fact or duration of a prisoner's confinement must be brought by means of a habeas corpus petition, while claims challenging the conditions of a prisoner's confinement must be brought in a non-habeas civil rights complaint." *Disantis v. Fisher*, No. 10-329 (DWF/JJG), Docket Nos. 20, 27 (D. Minn. Aug. 18, 2010) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)) (citation omitted), *aff'd*, No. 10-3171 (8th Cir. Nov. 3, 2010). Petitioner states that the application of the SMV will extend his release date. He fails, however, to explain why. Moreover, even though the SMV may justify Petitioner's transfer to a higher security prison, such an outcome affects only the conditions of his confinement and not its length. In *Stanko v. Quay*, 356 F. App'x 208, 210 (10th Cir. 2009), the Tenth Circuit denied the existence of habeas jurisdiction because the prisoner would not automatically be entitled to release, even if he obtained the security classification sought. Similarly, in *Burnam v. Marberry*, No. 07-97, 2008 WL 4190785 at *14 (W.D. Pa. Sept. 10, 2008), *aff'd*, 313 F. App'x 455 (3rd Cir. 2009), the court determined that there was no habeas jurisdiction to change security classification because, even if the court ruled in favor of the petitioner, the length of his confinement would not change. Therefore, a writ of habeas corpus is not the adequate remedy in this case and the Court lacks subject matter jurisdiction.

Additionally, Petitioner alleges that the BOP's refusal to adjust his SMV is a violation of his constitutional rights to procedural due process. However, the Eighth Circuit determined that "habeas corpus relief is an extraordinary remedy" limited in use to "'cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe

nor immediate.'" *Willis v. Ciccone*, 506 F.2d 1011, 1014-15 (8th Cir. 1974) (quoting *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973)). Petitioner's case does not present special urgency. He is not being subjected to atypical conditions but, rather, he is experiencing the same conditions than all the other inmates. "Congress has given federal prison officials full discretion to control these conditions of confinement." *Arthur v. Roal*, Slip Copy, 2010 WL 3025019, at 11 n.11 (D. Minn. July 6, 2010). Furthermore, prisoners have no due process right to a particular classification or to be in a particular facility. Indeed,

> given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution. The Constitution . . . does not guarantee that the convicted prisoner will be placed in any particular prison . . . . The conviction has sufficiently extinguished the defendants liberty interest to empower the State to confine him in *any* of its prisons.

*Meachum v. Fano*, 427 U.S. 215, 224 (1976). A prisoner has "no Constitutionally protected liberty interest in his security classification or placement in a particular corrections facility." *Black v. Johnson*, No. 3305, 2008 WL 343027, at *2 (D. Minn. Feb. 4, 2008). "Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum*, 427 U.S. at 225. Petitioner suggests that the SMV will affect his placement in a halfway house. However, "placement at a halfway house . . . '[does] not provide the sort of substantial freedom that gives rise to a liberty interest inherent in the Due Process Clause.'" *Staszack v. Romine*, 221 F.3d 1344, 1344 (8th Cir. 2000) (quoting *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996)). Therefore, the application of the SMV does not violate Petitioner's constitutional rights.

**Administrative Procedures Act**

Petitioner claims that his reclassification violates the Administrative Procedures Act ("APA"). The APA, however, specifically provides that its notice and comment requirement "does not apply to interpretative rules, general statements of policy, rules of agency organization, procedure or practice." 5 U.S.C. § 553 (b)(3)(A). Security classifications are strictly a matter of BOP policy and prison rules. *See Morrisson v. Woodring*, 191 F. App'x 606 (9th Cir. July 26, 2006) (security classifications are determined pursuant to BOP program statements which are not subject to APA rules). Thus, Petitioner's classification is not subject to the APA provisions, and Petitioner has no claims under the APA.

**Appointment of Counsel**

Petitioner has also requested the Court to appoint an attorney to represent him. He asserts that he does not read, write, or speak English, and he is not trained in law. However, indigent litigants do not have a constitutional or statutory right to counsel in civil cases. *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987). The Court has discretion to decide whether to appoint an attorney or not. *McCall v. Benson*, 114 F. 3d 754, 756 (1997). In deciding whether to appoint an attorney, the Court should consider the complexity of the case, the ability of the petitioner to present his claims, and whether both the petitioner and the Court would benefit from representation for both parties. *Id*. at 756. Here, the nature of the case is not especially complex and Petitioner has been able to articulate his claims and communicate effectively with the Court without legal counsel. Thus, the request for appointment of counsel should be denied.[3]

---

[3] In his reply submission, Petitioner indicated that he may have received legal assistance from other prisoners. [Docket No. 7 at 3.] A present lack of such assistance does not justify appointment of counsel in this matter.

**Discovery**

Petitioner also requested permission to obtain discovery through interrogatories. However,

> 28 U.S.C. § 2246 does not authorize interrogatories except in limited circumstances . . . . "[A] district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'"

*Harris v. Nelson*, 394 U.S. 286, 290 (1969) (quoting 28 U.S.C. § 2243). Courts have discretion to determine or limit the ways the evidence is presented and, in cases like this, "they retain some ability to vary the ways in which they do so as mandated by due process." *Hamdi v. Rumsfeld*, 542 U.S. 507, 526 (2004).

Petitioner merely sought leave to serve interrogatories upon motion to the Court and upon showing cause. Petitioner has made no motion and has not shown cause why any particular discovery is appropriate. Moreover, he has not submitted specific interrogatories and, although he states in his reply brief that he would request discovery regarding factors considered by the BOP regarding good time and facility placement, he provides no explanation as to the need for such discovery to resolve issues in this case. There is no indication as to particular discovery that might be applicable or helpful to this case and the Court cannot envision the additional information that could be provided that would benefit Petitioner. In any event, the request is moot in light of the Court's recommendation in this matter. *See Dudley v. Whitehead*, No. 4082, 2008 WL 2307551, at * 10 (Dist. S.D. May 30, 2008).

**Evidentiary Hearing**

Finally, Petitioner requested an evidentiary hearing. Evidentiary hearings, however, are required only where the facts are in dispute. No evidentiary hearing is required if a conclusion

can be drawn from the undisputed facts. *See Ruiz v. Norris*, 71 F.3d 1404, 1406 (8th Cir. 1995) (evidentiary hearing is not required when the petitioner's allegations, even if true, fail to state grounds for habeas corpus relief). Here, an evidentiary hearing is unnecessary because the relevant facts are not in dispute and whether the SMV was properly applied can be decided on the basis of the existing record.

Based upon the foregoing discussion, along with the petition, memoranda, declarations, and exhibits, the magistrate judge makes the following:

**RECOMMENDATION**

It is **hereby recommended** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] be **denied** and that this action be **dismissed** with prejudice.

Dated:   August 11, 2011

                                                                     s/Arthur J. Boylan
Chief Magistrate Judge Arthur J. Boylan
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 25, 2011.